WILSON J. HAVER, PLAINTIFF IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted December 12, 1899—Decided March 5, 1900.

1. The credit of a witness may be attacked either by his own cross-examination, or by calling other witnesses for the purpose.
2. A master, though liable to make compensation for injuries done by his servant within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive or malicious intent on the part of the servant.
3. If a train hand, in repelling an assault made upon him by a passenger, uses more force than is reasonably necessary for the purpose of defending himself from the attack and ejecting the passenger from the company's train, the company is liable for damages resulting from such excess of violence.

On error to the Hudson Circuit Court. Tried before Judge Nevius and a jury, March 1st, 1899, and a verdict rendered for the defendant.

For the plaintiff in error, *Roberson & Demarest.*

For the defendant in error, *George Holmes.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiff in error brought this suit to recover from the defendant corporation for personal injuries which he claimed to have received while traveling upon one of the company's trains. The injuries were the result of an

assault which he alleged was committed upon him by the baggagemaster of the train without cause or provocation. The trial resulted in a verdict for the defendant, and plaintiff in error now seeks to set aside the judgment entered upon that verdict on account of certain errors which, as he says, occurred at the trial.

The first error assigned relates to the exclusion of evidence. The defendant having produced and examined as a witness the baggagemaster who was charged with having committed the assault, and he having testified on his direct examination that the plaintiff in error was the aggressor in the trouble between them, and that he (witness) merely defended himself against the latter's attack, was asked, on his cross-examination, whether he was not afraid that he would lose his position with the company in case a verdict was rendered against it. The question having been objected to by the defendant, was overruled by the trial judge, and an exception to the ruling allowed the plaintiff. We think it was an error to sustain this objection. The effect of the baggagemaster's testimony, if true, would have been to entirely relieve the defendant from liability, and it was, consequently, not only material but necessary for the plaintiff's case to discredit his testimony. It was competent to do this either by calling other witnesses to prove that he was unworthy of belief, or by the cross-examination of the witness himself, for the purpose of showing the existence of any fact which would tend to throw doubt upon the accuracy of his evidence. *People* v. *Brooks,* 131 *N. Y.* 321. That interest in the result of a suit is apt to produce bias on the part of a witness must be conceded, and that the bias of a witness may be shown for the purpose of discrediting him, is elementary law. *Jones Evid.,* § 826.

The other assignments of error relate to the charge to the jury.

On the question of the measure of damages the court charged as follows: " Before you can assess exemplary damages you must find that a malicious and wanton assault was

committed by the baggagemaster upon the plaintiff, and that the defendant company knew of the character of their employe, and that such an assault would be naturally expected from such a man." This instruction is excepted to because, as is claimed by the plaintiff, exemplary damages should have been awarded, if the assault was wanton and malicious, without regard to the knowledge of the defendant of the character of its employe.

Exemplary damages, being awarded not for the benefit of the injured party, but for the purpose of punishing the wrong-doer, can only be assessed against one who has taken part in the wrongful act. A master, therefore, though liable to make compensation for injuries done by his servant, within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive or malicious intent on the part of the servant. *Lake Shore, &c., Railway Co.* v. *Prentice,* 147 *U. S.* 101.

The rule on this subject is thus stated by Mr. Justice Garrison, speaking for the Supreme Court, in the case of *Forhman* v. *Consolidated Traction Co.,* 34 *Vroom* 391 : "A principal, whether an individual or a corporation, cannot be charged with punitive damages for the illegal, wanton or oppressive conduct of a servant unless the principal participated in the wrongful act of the servant, either expressly or impliedly, by his conduct authorizing or approving it either before or after it was committed."

As is shown by the opinion in *Lake Shore Railway Co.* v. *Prentice, supra,* the decided cases are not as one upon this question. The weight of authority, however, as well as reason and justice, seem to us to support the conclusion expressed by the Supreme Court of the United States and our own Supreme Court.

The responsibility of the defendant in this case, as has already been decided by this court, does not depend upon the law of liability of a master for the acts of his servants but upon the duty imposed upon the railroad company to safely and securely carry its passengers. *Haver* v. *Central Railroad*

*Co.*, 33 *Vroom* 282. But its liability, to be charged with punitive damages, must be determined by the principle above stated and can only exist by reason of its having maliciously and wantonly violated its duty to the plaintiff as a common carrier by participating either expressly or impliedly in the wrongful act of its servant, either by authorizing it before or by approving it after it was committed.

The charge of the trial court upon the subject of exemplary damages, therefore, was not strictly accurate. We are unable, however, to see how this inaccuracy in the instruction to the jury could have worked injury to the plaintiff, for there was nothing in the case submitted to us to justify a finding that the defendant participated in the alleged wrongful act of its servant, either by authorizing it before it was committed or by approving it afterward.

The only other assignment of error which requires consideration is based upon an exception to the following instruction to the jury : " You cannot find for the plaintiff unless you find the baggagemaster assaulted the plaintiff without cause or provocation on the part of the plaintiff."

This instruction was erroneous. Even if the plaintiff had been the original aggressor, the baggagemaster would have been justified in using only such force as was necessary to repel the plaintiff's attack and to eject him from the train. If, in defending himself from that attack or in attempting to put plaintiff off the train, he used more violence than was reasonably necessary for the purpose, the defendant company was liable for damages resulting from such excess of violence. *Jardine* v. *Pennsylvania Railroad Co.*, 21 *Vroom* 485.

The judgment of the Circuit Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 14.